IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **TINA DEES,** | * |
| **o/b/o** | * |
| **TEASHA REEVES** | * |
| | * |
| **Plaintiff,** | * |
| | * |
| vs. | *   **Civil Action 08-00667-KD-B** |
| | * |
| **MICHAEL J. ASTRUE,** | * |
| **Commissioner of** | * |
| **Social Security,** | * |
| | * |
| **Defendant.** | * |

## ORDER

Plaintiff, proceeding pro se, initiated the instant action. (Doc. 1). In initiating this action, Plaintiff submitted a single paragraph asking for "Social Security Income" for her daughter, along with documents purportedly relating to her daughter. The paragraph, which is being treated as Plaintiff's Complaint, is not adequate because it does not comply with Rule 8(a) of the Federal Rules of Civil Procedure.[1]

---

[1] Even though Plaintiff filed this action as a *pro se* litigant, she is still required to plead a complaint that complies with Rule 8 of the Federal Rules of Civil Procedure. GJR Investments, Inc. v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998) (holding that "even in the case of *pro se* litigants a court [does not have] license to serve as *de facto* counsel for a party . . . , or to re-write an otherwise deficient pleading in order to sustain an action. . . ." (citations omitted)); Moon v. Newsome, 863 F.2d 835, 837 (11th Cir.), *cert. denied,* 493 U.S. 863, 110 S.Ct. 180, 107 L.Ed.2d 135 (1989) (finding that a *pro se* litigant is subject to a court's rules and to the Federal Rules of Civil Procedure).

Rule 8(a) provides:

> (a) Claims for Relief.  A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . ., (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

District courts, when confronted with a complaint that does not comply with Rule 8(a), have been instructed by the Eleventh Circuit to "intervene at the earliest possible moment in the proceedings and . . . require that the plaintiff replead his entire case." Pelletier v. Zweifel, 921 F.2d 1465, 1522 (11th Cir. 1991), *cert. denied*, 502 U.S. 855, 112 S.Ct. 167, 116 L.Ed.2d 131 (1991). Furthermore, the failure to plead a complaint that complies with Fed.R.Civ.P. 8(a), after being required to replead a complaint, will result in the dismissal of the action under Fed.R.Civ.P. 41(b) for failure to comply with the Court's order.  Id.

A review of Plaintiff's Complaint reflects that it does not comply with Rule 8(a).  Accordingly, Plaintiff's counsel, who entered an appearance in this case on December 19, 2008 (Doc. 5), is hereby **ORDERED** to file, by **February 16, 2009,** an amended complaint that complies with Rule 8(a).  Plaintiff's amended complaint will supersede the original complaint. Fritz v. Standard Life Ins. Co., 676 F.2d 1356, 1358 (11th Cir. 1982).[2]

---

[2]The Eleventh Circuit in Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), adopted the decisions

In her new complaint, Plaintiff is required to provide "' a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 168, 113 S.Ct. 1160, 1163, 122 L.Ed.2d 517 (1993). "'It is not enough, to indicate merely that the plaintiff has a grievance but sufficient detail must be given so that the defendant, and the Court, can obtain a fair idea of what the plaintiff is complaining, and can see that there is some legal basis for recovery." L.S.T., Inc. v. Crow, 49 F.3d 679, 684 (11th Cir. 1995).

**DONE** this **2nd** day of **February, 2009.**

                                    **/s/ Sonja F. Bivins**
                                **UNITED STATES MAGISTRATE JUDGE**

---

of the former Fifth Circuit rendered prior October 1, 1981.