THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

TINA DEES,                      *
o/b/o                           *
I.M.R.                          *
                                *
     Plaintiff,                 *
                                *
vs.                             *      CIVIL ACTION 08-00667-KD-B
                                *
MICHAEL J. ASTRUE,              *
Commissioner of                 *
Social Security,                *
                                *
     Defendant.                 *

<u>REPORT AND RECOMMENDATION</u>

Plaintiff Tina Dees (hereinafter "Plaintiff") brings this action on behalf of her minor child, I.M.R. (hereafter "IM"), seeking judicial review of a final decision of the Commissioner of Social Security denying her claim for child supplemental security income under Title XVI of the Social Security Act, 42 U.S.C. § 1381 <u>et</u> <u>seq</u> ("SSI").  This action was referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). Oral argument was held on October 14, 2009.  Upon consideration of the administrative record, and the argument and memoranda of the parties, it is **RECOMMENDED** that the decision of the Commissioner be **AFFIRMED**.

I.   <u>Procedural History</u>

Plaintiff filed an application for supplemental security

income benefits on behalf of her daughter IM on August 17, 2005[1], alleging that her daughter has been disabled since March 1, 2005, due to a learning disability. (Tr. 62). Plaintiff's application was denied initially, and she filed a timely Request for Hearing. (Tr. 43-44, 49). On September 19, 2007, Administrative Law Judge Charles A. Thigpen ("ALJ Thigpen") held an administrative hearing which was attended by Plaintiff, her daughter IM and her representative. (Tr. 31-42). On February 28, 2008, the ALJ issued an unfavorable decision finding that IM is not disabled. (Tr. 12-30). Plaintiff filed a request for review, and on April 18, 2008, the Appeals Council ("AC") denied the request; thus, the ALJ's decision became the final decision of the Commissioner in accordance with 20 C.F.R. § 404.981 and § 416.1481 (Tr. 5-8).

Plaintiff has submitted records which reflect that on August 28, 2008, she filed a new application for supplemental security income benefits on behalf of IM, and that the application was approved on October 21, 2008. (Doc. 17-1). IM was awarded benefits for the period commencing September 1, 2008. Id.

The parties agree that this case is now ripe for judicial review and is properly before this Court pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).

---

[1]A copy of Plaintiff's initial application is not included in the file; however, the initial determination indicates that August 17, 2005 is the date of her initial application. (Tr. 43).

II. __Factual Background__

IM was born on September 16, 1997, and was 10 years old and in the third grade at the time of the hearing. (Tr. 34-35, 43, 67). Following the hearing, the ALJ issued an unfavorable decision on February 28, 2008. The ALJ determined that while IM has the severe impairments of a learning disorder, sickle cell anemia trait, ODD, depression and ADHD, they do not meet, medically equal or functionally equal the criteria for any of the impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1, Regulations No. 4. (Tr. 18, 23). The ALJ also found that IM has "less than marked" limitations in her ability to acquire and use information and in health and well-being, and that she does not have any limitations in attending and completing tasks, interacting and relating with others, moving and manipulating objects or caring for herself. (Tr. 26-29). Accordingly, the ALJ concluded that because IM does not have an impairment or combination of impairments that result in either "marked" limitations in two domains of functioning or an "extreme" limitation in one domain of functioning, she is not disabled under the Act. (Tr. 30).

III  **Analysis**

A.   __Standard of Review__

In reviewing claims brought under the Act, this Court's role is a limited one. This Court's review is limited to determining 1) whether the decision of the Secretary is supported by substantial

3

evidence, and 2) whether the correct legal standards were applied.
Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990).  A court
may not decide the facts anew, reweigh the evidence, or substitute
its judgment for that of the Commissioner.  Sewell v. Bowen, 792
F.2d 1065, 1067 (11th Cir. 1986).  The Commissioner's findings of
fact must be affirmed if they are based upon substantial evidence.
Brown  v.  Sullivan,  921  F.2d  1233,  1235  (11th  Cir.  1991);
Bloodsworth  v.  Heckler,  703  F.2d  1233,  1239  (11th  Cir.  1983)
(finding  that  substantial  evidence  is  defined  as  "more  than  a
scintilla  but  less  than  a  preponderance,"  and  consists  of  "such
relevant  evidence  as  a  reasonable  person  would  accept  as  adequate
to  support  a  conclusion[]").    In  determining  whether  substantial
evidence  exists,  a  court  must  view  the  record  as  a  whole,  taking
into  account  evidence  favorable  as  well  as  unfavorable  to  the
Commissioner's decision.  Chester v. Bowen, 792 F.2d 129, 131 (11th
Cir. 1986); Short v. Apfel, 1999 U.S. Dist. Lexis 10163 (S.D. Ala.
June 14, 1999).

   **B. Issues on Appeal**

        1.    **Whether  the  ALJ  erred  in  denying
              IM's claim for supplemental security
              income benefits.**

        In  her  brief,  Plaintiff  argues  that  the  ALJ  committed
reversible  error  by  not  awarding  IM  benefits;  however,  Plaintiff
has  not  asserted,  let  alone  offered  any  evidence  which  suggests
that  the  ALJ's  decision  is  not  supported  by  substantial  evidence.

Plaintiff essentially argues that because IM's second application was granted, the ALJ must have erred in denying her initial application.  As a preliminary matter, the undersigned observes that the ALJ's decision was issued in February 2008, and the favorable decision on IM's second application was issued more than seven months later in on October 2008.  The record before the Court is devoid of any evidence which reflects the records the Commissioner relied upon to grant IM's second application.  Thus, Plaintiff's assertion that the very same evidence was used to justify both decisions is not supported by the record[2].  Moreover, the fact that a claimant receives a subsequent award of benefits based on the same impairments as those raised in an unsuccessful application does not demonstrate that the prior decision was incorrect.  Indeed, in Douglas v. Commissioner of Social Security, 2005 U.S. App. LEXIS 25384 (llth Cir. Nov. 23, 2005), the court held that where a claimant was awarded benefits a year and five months after the ALJ's unfavorable decision, the subsequent award

_____

[2]Plaintiff's argument in this regard is inconsistent.  On the one hand, Plaintiff  argues that the ALJ's decision should be reversed because the Commissioner relied upon the same evidence that was before the ALJ to reach a different conclusion; yet, Plaintiff also argues that this case should be remanded so that the new evidence, if any, which was used to support the second application can be considered in order to determine whether the Commissioner should have awarded IM benefits dating back to the date of IM's original application, August 2005. As noted supra, based upon the record before the Court, it is unclear what evidence was used to support the Commissioner's October 2008 decision.

was not relevant to the case. According to the Court, the subsequent award merely suggested that the claimant's condition deteriorated after the ALJ's decision to the point that at the time of the second application, the condition was in fact disabling. In this case, it is not clear which of IM's impairments the Commissioner deemed sufficient to qualify her for benefits, nor is it clear what evidence was relied upon to support the decision. Accordingly, the fact that IM was awarded benefits more than seven months after the ALJ issued his February 2008 decision, is not relevant under the circumstances of this case.

This is particularly true where the record evidence supports the ALJ's finding that IM was not disabled. As found by the ALJ, the evidence establishes that while IM had various impairments such as a learning disorder, sickle cell anemia trait, ODD, depression and ADHD, her impairments were well controlled with prescribed medications, and that she was performing on a higher academic level when compared to her classroom peers. The medication helped to improve her attention and her concentration, which in turned improved her classroom performance as well as her self-esteem and mood. IM's third grade teacher reported that she did not experience any problems which caused significant limitations in her ability to function age-appropriately. In addition, IM's mental health providers also opined that her medications were controlling her symptoms, and that she was doing well in school. This record

evidence provides substantial support for the ALJ's decision.

> **2. Whether the Commissioner, in granting IM's second application, erred in failing to award benefits beginning on August 17, 2005, the date of her initial application.**

According to Plaintiff, in awarding IM benefits in October 2008, the Commissioner should have awarded benefits for the period beginning on August 17, 2005, the date of IM's first application. Plaintiff argues that the Commissioner erred in failing to follow the requirements of Social Security Ruling 83-20: Titles II and XVI: Onset of Disability ("SSR 83-20") to determine IM's "remote onset date." (Doc. 17 at 3).  Defendant argues that any duty to call a medical advisor regarding a claimant's onset date only arises after an ALJ finds that the claimant is disabled, a finding not made in this case.  Defendant further argues that any error by the Commissioner in not retaining a medical expert to assess Plaintiff's "remote onset date"  for the second application is a matter not properly before this Court.  (Doc. 18 at 7-9).

Plaintiff's argument regarding SSR 83-20 fails.  The court in <u>Blake v. Massanari</u>, Case No. CIV. A. 00-0120-AH-L, 2001 WL 530697 at *10 (S.D. Ala. Apr. 26, 2001) held that SSR 83-20 "addresses the circumstance wherein a plaintiff is found to be disabled and the onset date must be inferred."  The Court in <u>Blake</u> explained that the "premise behind this ruling is that the ALJ has found the person disabled," explaining:

> If the ALJ correctly determines that a person was not disabled prior to the expiration of their insured status and that decision is supported by substantial evidence and proper application of the law, and the Appeals Council review of that decision is proper, then there is no obligation on the part of the ALJ or the Appeals Council to infer a remote onset date of disability because there is no disability.  In the present case, the plaintiff did not meet her burden of proving that she is disabled.  Therefore, there is no requirement that the Appeals Council apply SSR 83-20 to its consideration of the record.

Id.

Because the ALJ in this case found that IM is not disabled, and substantial evidence supports that decision, SSR 83-20 is not applicable.  Moreover, Plaintiff's argument that the Commissioner erred "in the second matter" by failing to follow the requirements of SSR 83-20 likewise fails because the Commissioner's October 2008 decision is not properly before this court.  As correctly noted by Defendant, the matter before this Court is the appeal of the ALJ's February 28, 2008 decision, a decision that became final upon the AC's denial of Plaintiff's request for review.  There is no indication in the record that Plaintiff appealed the Commissioner's October 2008 determination, or that she has exhausted the administrative remedies with respect to that decision in accordance with the requirements of 20 CFR § 416.1400.  Thus, that decision is not before this Court.

> 3.   **Whether the Appeals Council erred in failing to consider additional evidence submitted on appeal.**

Plaintiff contends that this case should be reversed and remanded due to new and material evidence presented to the AC, namely the school records found at pages 319-454 of the transcript, which were submitted to the AC following the ALJ's decision. Because Plaintiff is appealing the AC's decision denying review, this Court must review the record as it was before the AC, which includes the additional school records found at pages 319-454 of the transcript. See, e.g., Newsome v. Barnhart, 444 F. Supp. 2d 1195, 1202 (M.D. Ala. 2006); Fry v. Massanari, 209 F. Supp. 2d 1246, 1252 (N.D. Ala. 2001); Falge v. Apfel, 150 F.3d 1320, 1324 (11th Cir. 1998). The Eleventh Circuit has held that in order to warrant remand for consideration of new evidence, a plaintiff must establish 1) that new, non-cumulative[3] evidence exists, 2) that the evidence is material (i.e., relevant and probative so that a reasonable possibility exists that it would change the administrative result);[4] and 3) that good cause[5] exists for the

---

[3]The non-cumulative requirement is satisfied by the production of new evidence not contained in the administrative record. Cannon v. Bowen, 858 F.2d 1541, 1546 (11th Cir. 1988). Such evidence must relate to the time period on or before the date of the ALJ's decision. 20 C.F.R. § 404.970(b). See also Falge, 150 F.3d at 1324.

[4]The materiality requirement is satisfied if a reasonable possibility exists that new evidence would change the administrative result. Falge, 150 F.3d at 1323.

[5]The good cause requirement is satisfied when the evidence did not exist at the time of the administrative proceedings. Cannon, 858 F.2d at 1546. Sullivan v. Apfel, 2000 WL 1568330, *8

failure to incorporate the evidence into the record in the ALJ's proceedings. (Emphasis added). See, e.g., Archer v. Commissioner of Social Security, 176 Fed. Appx. 80, 82-83 (11th Cir. 2006) (per curiam); Magill v. Commissioner of Social Security, 147 Fed. Appx. 92, 95-96 (11th Cir. 2005) (per curiam); Vega v. Commissioner of Soc. Sec., 265 F.3d 1214, 1218-1219 (11th Cir. 2001); Falge, 150 F.3d at 1323-1324.

A review of the record reflects that many of the records presented to the AC are merely duplicates of documents that were presented to the ALJ; thus, they were already a part of the record. (Tr. 325-326, 329-337, 338-339, 350-354, 355-356, 386-387, 392-394, 395, 396, 397, 400, 448-451). Remand for consideration of these documents is not warranted, as they are not "new" and are cumulative.

Also included in the remaining documents are records that pre-date February 28, 2008, the date of the ALJ's decision, but which were submitted after the ALJ's decision. (Tr. 338-391, 366-371, 376, 378, 385, 388-391, 398, 401, 402, 403, 405, 413, 427-432, 435, 437-441, 442, 444-447, 452-454). For instance, school records from Byrd Elementary School for the year 2006-2007 are included. According to these records, IM had yearly averages of 87-B in reading, 91-A in language arts, 90-A in science/technology and 90-A in social studies and geography, and that she was promoted to

_____

(S.D. Ala. Oct. 2, 2000).

second grade. (Tr. 388-391, 444-447).  Given that these records were in existence during the course of the proceedings before the ALJ, Plaintiff has failed to demonstrate good cause for failing to present said records. In fact, Plaintiff offers no explanation for why these records were not presented to the ALJ.  Accordingly, assuming arguendo that these documents are material, Plaintiff has failed to establish the required good cause for failure to incorporate the evidence into the record before the ALJ. Thus, remand for consideration of these documents is not warranted.

The third category of documents presented to the AC consist of those documents that are new and are dated after the administrative proceeding or are undated.  (Tr. 322, 324, 344-349, 361-362, 399, 400, 404, 407, 415, 416, 418-419, 437-441).  Included in this category of documents are: an undated sheet in which IM received a score of 48-F (Tr. 399); an undated sheet in which IM missed only one question (Tr. 407); an undated sheet in which IM received a score of 24-F  (Tr. 438-441),  an undated vocabulary answer sheet in third grade in which IM scored a 24-F  (Tr. 400, 415); and an undated math worksheet wherein IM scored 33-F.  (Tr. 404).  Also included in this category of documents is a March 12, 2008 letter from Plaintiff wherein she opines that IM's report cards from school do not correctly demonstrate IM's abilities (Tr. 361-362, 418-419).  In addition, IM's PEP Plan for August 2008 to May 2009 is included.  The Plan reflects that IM was first eligible for this

program on December 5, 2007, and that she was to be provided the following accommodations: break assignments into shorter tasks; weekly contact sheets sent home to parent concerning academics and behavior; reduction in the amount of copying from text and board; allow IM to use cursive or manuscript; assignment of a peer helper to assist when needed; frequent, short conferences with IM to check for comprehension; and required verbal responses to indicate comprehension.  (Tr. 322, 324, 344-349).

IM's third grade report card (for the Fifth Six Week Period) was also included. (Tr. 416)  The card, which has a "run date" of April 15, 2008,  reflects that for the six week period, IM had a B in reading, C in language, B in math, C in social studies, A in science and A in physical education.  The question as to these documents is whether they are material, i.e., whether a reasonable possibility exists that these new documents would change the administrative result.

Plaintiff argues that consideration of these documents would change the administrative result because IM was awarded benefits on a subsequent application, based on the same evidence as that presented to the AC.  Plaintiff's argument must fail.  As noted supra, the record is devoid of any evidence which suggests that the award of benefits to IM, based on her second application, has any relevancy to the instance case.  See Douglas ex rel. Patterson v. Commissioner of Social Security, 2005 U.S. App. LEXIS 25384 (11th

Cir. 2005)  Moreover, a review of the records fails to show that there is a reasonably possibility that they would have changed the administrative outcome.  The records are consistent with the ALJ's finding that IM's impairments were under control, and that she was performing well in school.

Accordingly, Plaintiff has failed to show that the material presented to the AC was non-cumulative and  material, that there was good cause for not presenting it to the ALJ, or that there is a  reasonable  possibility  that  it  would  have  changed  the administrative outcome.  Thus, the AC's decision not to remand this case for consideration of the new material was not error.

**V.**   **Conclusion**

For the reasons set forth, and upon careful consideration of the administrative record, the oral argument, and memoranda of the parties, it is **RECOMMENDED** that the decision of the Commissioner of Social  Security,  denying  Plaintiff's  claim  for  supplemental security income for her minor child, be **AFFIRMED.**

**DONE** this **8th** day of **January, 2010.**

                    /s/ SONJA F. BIVINS
                UNITED STATES MAGISTRATE JUDGE

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>**

1.   **<u>Objection</u>**.   Any party who objects to this recommendation or anything in it must, within fourteen days of the date of service of this document, file specific written objections with the clerk of court.   Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. <u>See</u> 28 U.S.C. § 636(b)(1)©; <u>Lewis v. Smith</u>, 855 F.2d 736, 738 (11th Cir. 1988).   The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days[6] after being served with a copy of the recommendation, unless a different time is established by order.   The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.   The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.   It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.   Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

> A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

---

[6]The Court's Local rules are being amended to reflect the new computations of time as set out in the amendments to the Federal Rules of Practice and Procedure, effective December 1, 2009.

14

2.    **Opposing party's response to the objection.**   Any opposing party may submit a brief opposing the objection within fourteen (14) days of being served with a copy of the statement of objection.  Fed. R. Civ. P. 72; SD ALA LR 72.4(b).

3.    **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

> **/s/ SONJA F. BIVINS**
> **UNITED STATES MAGISTRATE JUDGE**